■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS PALMER, Appellant. [885 NYS2d 621]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered November 29, 2007, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the admission into evidence of a laboratory report containing DNA profile data prepared by a laboratory analyst who did not testify at trial did not violate his Sixth Amendment right to confrontation under *Crawford v Washington* (541 US 36 [2004]), as the report did not constitute a testimonial statement (*see People v Rawlins,* 10 NY3d 136, 159-160 [2008], *cert denied sub nom Meekins v New York,* 557 US —, 129 S Ct 2856 [June 29, 2009]; *cf. Melendez-Diaz v Massachusetts,* 557 US —, 129 S Ct 2527 [June 25, 2009]).

In light of our determination, we need not reach the People's contentions. Skelos, Dillon and Covello, JJ., concur.

Spolzino, J.P., concurs in the result and votes to affirm the judgment appealed from, with the following memorandum: I concur that the judgment of conviction should be affirmed. In my view, however, the Confrontation Clause issue is not presented for our review since the defendant waived that issue by objecting to the People's offer to call as a witness the laboratory analyst whose report had been admitted into evidence without her testimony. Having been offered, and declined, the opportunity to cross-examine the witness, the defendant cannot argue that his constitutional right to confront the witness was violated.